UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL MASTRIANO,<br>          Plaintiff<br><br>v.<br><br>NEXSTAR MEDIA GROUP, INC. d/b/a<br>NEXSTAR BROADCASTING, INC.,<br>NEXSTAR BROADCASTING GROUP, INC.<br>AND NEXTSTAR BROADCASTING INC. &<br>WTNH-TV<br>          Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   NOVEMBER 12, 2018<br>:<br>: |

# COMPLAINT

## I. INTRODUCTION

1.   Plaintiff, Rachel Mastriano, by and through her undersigned counsel, and pursuant to Rule 7 of the Federal Rules of Civil Procedure, hereby submits this Complaint and Demand for a Jury Trial. This action seeks damages for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), and the Connecticut Fair Employment Practices Act, General Statutes §§ 46a-60 ("CFEPA").

## II. PARTIES

2.   Plaintiff, Rachael Mastriano, is an individual who resides at 1039 Hoop Pole Road, North Guilford, CT 06437.

3.   Defendants are Nexstar Media Group, Inc., Nexstar Broadcasting Group, Inc. Nexstar Broadcasting, Inc. and Nextstar Broadcasting, Inc. & WTNH-TV (collectively referred

to as "Defendant"). Defendants are incorporated under the laws of the State of Texas. Defendant owns and operates roughly 170 television stations in the U.S., including WTNH-TV ("WTNH") located at 8 Elm Street, New Haven, Connecticut 06510.

4. At all times relevant hereto, Defendant jointly employed Plaintiff.

### III. JURISDICTION AND VENUE

5. The Plaintiff alleges violations of Federal statutes, Title VII and the ADEA, as well as CFEPA. As this action arises under the laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over claims arising under state law.

6. Plaintiff timely filed a Charge of Discrimination pursuant to Title VII and the Connecticut Fair Employment Practices Act with the Connecticut Commission of Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about October 5, 2017, in which she alleged with particularity her claims of gender and age discrimination against the Defendants.

7. Plaintiff received a Notice of Right to Sue from the CHRO on October 30, 2018 and Release of Jurisdiction from the EEOC on October 1, 2018.

8. Plaintiff has exhausted all administrative remedies prior to initiating this lawsuit.

9. Venue is appropriate in this District under 28 U.S.C § 1391(b)(1) and (2) as the Defendant resides in this District, and substantially all of the actions and omissions committed by the Defendant which gives rise to this Complaint occurred in this District.

10. The parties are engaged in a real and justiciable controversy concerning the legality of the Defendant's actions described herein and seek the Court's intervention to resolve the dispute and declare the rights of the parties.

**IV.    FACTS**

11.    Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "10" as though more fully set forth at length herein.

12.    At all times relevant hereto, Plaintiff worked at Defendant's place of business known as WTNH News 8 ("WTNH") in New Haven, Connecticut.

13.    Defendant employs well over 9000 employees.

14.    Plaintiff is 54 years old and female.

15.    In August 2010, Defendant hired Plaintiff as the Executive Assistant to the Vice President/General Manger, Mark Higgins at WTNH in New Haven, Connecticut.

16.    Plaintiff was given glowing recommendations throughout her employment. She was named the Employee of the Year and given an exclusive trip to Mexico during her employment.

17.    In May of 2015, Plaintiff was promoted to the HR Manager/Business Administrator where she became a valued member of the Department Head group.

18.    In September of 2016, Mark Higgins relocated to South Carolina, and Paul Spingola was named interim General Manager. Plaintiff also received similar exemplary reviews from Mr. Spingola and a raise at the end of 2016.

19.    In January of 2017, Rich Graziano was hired as the new VP/GM. At that point, Plaintiff began reporting to Mr. Graziano.

20.    From the outset of Mr. Graziano's employment, Plaintiff noted sexist and inappropriate comments that he made regarding young female employees. On one occasion, he suggested that they should put one of our young female anchors on Facebook in a bikini. He made other sexist comments regarding young females including descriptions of their body parts.

He was focused on the appearance of the young female anchors at WTNH and he regularly made personal comments about them.

22. In Mr. Graziano's first few months of employment, he removed three female employees over the age of forty from their employment. He terminated the employment of Judi Micmac, whose title was Program Manager and who was approximately 54 years old. He also terminated the employment of Kierstin Pupkowski who was around 40 years old. Her title was Director of Community Affairs. He also terminated the employment of Connie Fitch, the Producer of WTNH's Style Show. Ms. Fitch was approximately 52 years old.

22. From the outset, Plaintiff noted that Mr. Graziano treated Plaintiff's male colleagues that reported to him quite differently than he treated Plaintiff. He was rude and made demeaning remarks to Plaintiff. He was respectful, however, to Plaintiff's male colleagues.

23. On one occasion, two of Plaintiff's male colleagues, Keith Connors, Director of News, and Paul Spingola, Director of Marketing, attended a Traveler's Golf Outing for Media day. Defendant's chief photographer had organized the Media Day outing in 2017. This is an event that Defendant's employees attended year after year. In fact, typically, management expected that employees support and attend this event. Plaintiff noted this event on Mr. Graziano's calendar so that he would know that she would be out of the office.

24. The day following the event, Mr. Graziano chastised Plaintiff for attending the Media Day event. Plaintiff explained that it was customary that she and her colleagues attend this event. Nonetheless, he continued to criticize and chastise Plaintiff over the next several days. Plaintiff explained to him that this was routine and that she attended the event with Mr. Connors and Mr. Spignola. Mr. Graziano did not direct any criticism toward Mr. Connors or Mr.

4

Spignola. Instead, he singled Plaintiff out even though Mr. Connors and Mr. Spignola attended the event as well.

25. From the outset of Mr. Graziano's employment, when Plaintiff attempted to meet with him for a one on one, he was either unavailable or cut their meetings short before Plaintiff could get through all of her agenda items.

26. As part of the culture in Media, advertisers regularly provide tickets to various events for employees and clients to use. This was treated as a benefit of working at a TV station like WTNH. For the seven years of Plaintiff's employment, she was told by Defendant's management that this was accepted as an industry practice.

27. For example, the Shubert Theater regularly gave WTNH tickets for various shows. Defendant always let its employees believe that accepting tickets from advertisers was perfectly appropriate.

28. Many employees, including management level employees, used tickets provided by advertisers to attend various events. Before Plaintiff's promotion to management, she had various managers ask her to request tickets from advertisers for particular events that the managers or someone in their groups sought to attend.

29. In February of 2017, Plaintiff asked her department's contact at the Tim McCarver show for Red Sox tickets. She did not believe that she was doing anything wrong based on Defendant's accepted practice at Plaintiff's workplace.

30. On May 11, 2017, Mr. Graziano called Plaintiff to his office to meet with him and Rich Vedder, Defendant's Director of Sales. During the meeting, Mr. Graziano made derogatory comments regarding Plaintiff's performance, insulted her, and said he was suspending her for

obtaining tickets to the Red Sox game. This was a one-sided conversation and Plaintiff was not given an opportunity to respond.

31. On May 18, 2017, while Plaintiff was under suspension, she received a termination letter. It stated that "we concluded our investigation." Plaintiff had no knowledge of any investigation and was never asked to clarify, contribute or otherwise give her side of the story.

32. The termination letter stated that Plaintiff "violated the company's Business Conduct Policy, specifically those elements pertaining to conflicts of interest and gifts/entertainment." At no time after the commencement of his employment did Mr. Graziano or anyone else advise Plaintiff that Defendant's policy regarding accepting tickets had changed.

33. Plaintiff was singled out by Mr. Graziano based on Plaintiff's age and gender.

34. Mr. Graziano fabricated the excuse that Plaintiff violated company policy to effectuate the termination of her employment.

35. Upon information and belief, Mr. Graziano has had issues in his past with unprofessionalism and sexist behavior. Upon information and belief, Mr. Graziano was accused of sexual harassment after he instituted a policy known as tight T-shirt Friday which was designed to accentuate breasts on female employees.

**CLAIMS**:

**COUNT ONE: - SEX DISCRIMINATION UNDER TITLE VII**

36. Plaintiff incorporates herein Paragraphs 1 through 35 from above as if fully set forth herein.

37. Defendant discriminated against Plaintiff due to her sex in violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e *et seq*.

38. Defendant has engaged in a pattern and practice of discrimination toward female employees.

39. As a result of the Defendant's conduct, Plaintiff has and continues to suffer damages.

**COUNT TWO – GENDER DISCRIMINATION UNDER CFEPA**

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 from above as if fully set forth herein.

42. Defendant discriminated against Plaintiff due to her sex in violation of CFEPA, Conn. Gen. Stat. Sec. 46a-60 *et seq*.

43. Defendant has engaged in a pattern and practice of discrimination toward female employees.

43. As a result of the Defendants' conduct, Plaintiff has and continues to suffer damages.

**COUNT THREE – AGE DISCRIMINATION UNDER ADEA**

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 from above as if fully set forth herein.

45. Defendant discriminated against Plaintiff due to her age in violation of the ADEA, 29 U.S.C. § 621 through § 634.

46. Defendant's conduct was willful.

47. As a result of the Defendant's conduct, Plaintiff has and continues to suffer damages.

**COUNT FOUR - AGE DISCRIMINATION UNDER CFEPA**

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 from above as if fully set forth herein.

48. Defendant discriminated against Plaintiff due to her age in violation of CFEPA.

49. As a result of the Defendant's conduct, Plaintiff has and continues to suffer damages.

**WHEREFORE, PLAINTIFF CLAIMS A TRIAL BY JURY, JUDGMENT AGAINST DEFENDANTS AND DAMAGES AS FOLLOWS:**

1. Economic damages including, but not limited to: lost wages and benefits such as pension, 401k, stock, restricted stock and stock options, deferred compensation, bonuses, health, dental, life and disability benefits with interest from the date said sums were due;

2. Non-economic compensatory damages for emotional distress, harm to reputation, and loss of enjoyment of life and equitable relief pursuant to 42 U.S.C. § 1981and Connecticut General Statutes § 46a-104.

3. Punitive damages pursuant to 42 U.S.C. § 1981a.

4. Liquidated damages pursuant to the ADEA, 29 U.S.C. § 621 through § 634.

5. Attorneys' fees and costs pursuant to 42 U.S.C. § 1981a, the ADEA, 29 U.S.C. § 621 through § 634 and Conn. Gen. Stat. § 46a-104;

6. Interest pursuant to Conn. Gen. Stat. § 37-3a; and

7. Such other relief in law or equity the court deems appropriate.

        PLAINTIFF
        RACHEL MASTRIANO

By:   <u>/s/ Heena Kapadia 11869</u>
        Heena Kapadia
        Law Office of Heena Kapadia, LLC
        572 White Plains Road
        Trumbull, CT 06611
        Phone:  203-288-8006
        <u>hkapadia@heenakapadialaw.com</u>