# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL MASTRIANO,<br>    Plaintiff | : CIVIL ACTION NO.: 3:18-cv-01852 (SRU)<br>:<br>: |
| v. | :<br>: |
| NEXSTAR MEDIA GROUP, INC. d/b/a<br>NEXSTAR BROADCASTING, INC.,<br>NEXSTAR BROADCASTING GROUP,<br>INC. AND NEXSTAR BROADCASTING,<br>INC. & WTNH-TV<br>    Defendants | :<br>:<br>:<br>:<br>:<br>: FEBRUARY 11, 2019<br>: |

## ANSWER TO COMPLAINT

Defendants, Nexstar Media Group, Inc. and Nexstar Broadcasting, Inc.[1] ("Defendants") by and through their attorneys, Jackson Lewis P.C., hereby answer the Complaint of Plaintiff, Rachel Mastriano ("Plaintiff"), dated November 12, 2018.

Defendants vigorously deny Plaintiff's allegations of discrimination and harassment as alleged in Plaintiff's Complaint. Contrary to Plaintiff's assertions, Plaintiff's employment was properly terminated after Defendants' discovery of her repeated misconduct that constituted violations of Nexstar Broadcasting, Inc.'s Business Conduct Policy. Her misconduct included, among other things, misuse of company resources for personal gain. Defendants answer Plaintiff's specific allegations as follows:

---

[1] Nexstar Broadcasting Group, Inc. and WTNH-TV do not presently exist as legal entities and, are therefore, improperly named. Plaintiff additionally improperly names "Nexstar Media Group, Inc. d/b/a Nexstar Broadcasting, Inc." as a proper Defendant when no such entity exists. Defendant Nexstar Broadcasting, Inc. is the only named Defendant that employed Plaintiff.

## I. INTRODUCTION

1. Defendant neither admits nor denies the allegations in Paragraph 1 because they are legal conclusions. To the extent these allegations are viewed otherwise, Defendant admits that Plaintiff seeks relief under the statutory basis cited, but denies that Plaintiff is entitled to any relief under same.

## II. PARTIES

2. Based on business records, Defendants admit the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3 with regard to Nexstar Broadcasting Group, Inc. and WTNH-TV. Defendants admit that Nexstar Media Group, Inc. and Nexstar Broadcasting, Inc. are incorporated under the laws of the State of Texas. Defendants admit that Defendant Nexstar Media Group, Inc. owns and operates approximately 170 stations across the country, including the WTNH-TV station operated out of 8 Elm Street, New Haven, Connecticut 06510.

4. Defendants deny the allegations in Paragraph 4.

## III. JURISDICTION AND VENUE

5. Defendants neither admit nor deny the allegations in Paragraph 5 regarding jurisdiction because they are legal conclusions. To the extent these allegations are viewed otherwise, Defendants admit that jurisdiction over Plaintiff's claims is conferred on this Court by virtue of the fact that Plaintiff is pursuing an action under the statutes cited, but Defendants deny that Plaintiff is entitled to any relief under the same.

6. Defendants neither admit nor deny the allegations in Paragraph 6 regarding timeliness because they are legal conclusions. To the extent these allegations are viewed otherwise, Defendants lack knowledge and information sufficient to admit or deny when Plaintiff

filed a Complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") and therefore leaves Plaintiff to her proof. Plaintiff's complaint filings with the CHRO and EEOC speak for themselves. To the extent the allegations in Paragraph 6 do not accurately reflect the contents of those complaint filings, they are denied.

7. Defendants lack knowledge and information sufficient to admit or deny when Plaintiff received a Notice of Right to Sue from the CHRO or Release of Jurisdiction from the EEOC and therefore leaves Plaintiff to her proof.

8. Defendants neither admit nor deny the allegations in Paragraph 8 because they are legal conclusions. To the extent these allegations are viewed otherwise, Defendants leave Plaintiff to her proof.

9. Defendants neither admit nor deny the allegations in Paragraph 9 regarding venue because they are legal conclusions. To the extent these allegations are viewed otherwise, Defendants admit that venue is conferred on this Court by virtue of the statutes cited, but Defendants deny that Plaintiff is entitled to any relief.

10. Defendants neither admit nor deny the allegations in Paragraph 10 because they are legal conclusions. To the extent these allegations are viewed otherwise, Defendants leave Plaintiff to her proof.

IV. FACTS

11. Defendants incorporate by reference their responses to Paragraphs 1 through 10 as if fully restated herein.

12. Defendants deny the allegations in Paragraph 12, except to admit that Nexstar Broadcasting, Inc. employed Plaintiff at its WTNH station located in New Haven, Connecticut from February 19, 2017 to May 16, 2017.

13. Defendants admit the allegations in Paragraph No. 13 as to Defendant Nexstar Broadcasting, Inc. only. As to the remaining Defendants, the allegations in Paragraph 13 are denied.

14. Based on their business records, Defendants admit the allegations in Paragraph 14, except to deny that Plaintiff is 54 years old. Defendants aver that, according to business records, Plaintiff is 56 as of the date of filing of this Answer.

15. Defendants deny the allegations in Paragraph 15, except to admit that, based on business records, one of Nexstar Broadcasting, Inc.'s predecessors hired Plaintiff on or about August of 2010 into the role of Executive Assistant to Mark Higgins (WTNH's former General Manager) and that Plaintiff was assigned to work in New Haven, Connecticut.

16. Defendants aver that any performance recognitions given to Plaintiff by Nexstar Broadcasting, Inc.'s predecessors speak for themselves. To the extent the allegations in Paragraph 16 do not accurately reflect those documents, they are denied.

17. Defendants admit that Plaintiff held the position of Human Resources/Business Administrator at the time Nexstar Broadcasting, Inc. began to employ Plaintiff. As to allegations in Paragraph 17 regarding the date Plaintiff was initially placed into this position by Defendants' predecessor, Defendants lack sufficient knowledge or information upon which to admit or deny, and therefore, leave Plaintiff to her proof. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that Mark Higgins relocated to South Carolina on or about September 2016 and that Paul Spingola was appointed as interim General Manager of WTNH prior to Defendants ownership of the station where Plaintiff worked. Defendants deny the remaining allegations in Paragraph 18, except to admit that Plaintiff received an increase in pay on or about February 20, 2017.

19. Defendants admit that on or about January of 2017, Richard Graziano became the Vice President and General Manager of the WTNH station under Nexstar Broadcasting, Inc.'s ownership and that Plaintiff began reporting to Mr. Graziano at this time.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21 as phrased and aver that both Ms. Micmac and Ms. Fitch are currently employed by Nexstar Broadcasting, Inc.

22. Defendants admit that Mr. Graziano is respectful to all employees regardless of gender. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit that Plaintiff, Keith Connors (Director of News) and Paul Spingola (Director of Marketing) attended a Traveler's Golf Outing for Media day in 2017. Defendants deny that, as of 2017, it was within Plaintiff's responsibilities to attend this event or that it was appropriate for her to do so on behalf of Nexstar Broadcasting, Inc. without General Manager approval. Defendants admit that Plaintiff sent an email calendar invite to Mr. Graziano notifying him of the event. Defendants lack sufficient knowledge or information upon which to admit or deny the remaining allegations in Paragraph 23, and, therefore, leave Plaintiff to her proof and deny the same.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants admit that the Schubert Theatre, through a trade agreement, provides tickets for various shows. Defendants deny the allegations in Paragraph 27.

28. Defendants lack sufficient knowledge or information upon which to admit or deny the allegations in Paragraph 28 as they concern alleged conduct by unidentified "many employees" or "various managers" and, therefore, leave Plaintiff to her proof and deny the same.

29. Defendants admit that Plaintiff used her position at Nexstar Broadcasting, Inc. to request Red Sox tickets for personal usage in February of 2017. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that Mr. Graziano, along with Rich Vedder (former Director of Sales) met with Plaintiff on or about May 11, 2017 to discuss her improper request for Red Sox tickets and that Nexstar Broadcasting, Inc. suspended Plaintiff pending investigation into Plaintiff's Red Sox ticket request. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that Nexstar Broadcasting, Inc. terminated Plaintiff's employment after an investigation revealed, in part, that Plaintiff improperly requested Red Sox tickets for personal use in violation of its Business Conduct Policy. Defendants also admit that it notified Plaintiff of this termination decision via letter dated May 16, 2017. Defendants aver that the letter speaks for itself. To the extent the allegations in Paragraph 31 do not accurately reflect the contents of the letter, they are denied. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants aver that the letter speaks for itself. To the extent the allegations in Paragraph 32 do not accurately reflect the contents of the letter, they are denied. Defendants deny the remaining allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

CLAIMS:

COUNT ONE: - SEX DISCRIMINATION UNDER TITLE VII

36. Defendants incorporate by reference their responses to Paragraphs 1 through 35 as if fully restated herein.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

COUNT TWO: - GENDER DISCRIMINATION UNDER CFEPA

41.[2] Defendants incorporate by reference their responses to Paragraphs 1 through 35 as if fully restated herein.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44.[3] Defendants deny the allegations in Paragraph 44.

COUNT THREE: - AGE DISCRIMINATION UNDER ADEA

44. Defendants incorporate by reference their responses to Paragraphs 1 through 35 as if fully restated herein.

45. Defendants deny the allegations in Paragraph 45.

---

[2] Defendants respond to the paragraphs in each Count as numbered, although the Counts do not contain all numerical paragraphs identified. For example, Count Two contains Paragraphs 1-35 as if restated in Paragraph 41, but no Paragraphs 36 through 41.
[3] Count Two of the Complaint contains two Paragraphs numbered 43. Defendants respond as if the Complaint, Count Two, contained properly numbered paragraph numbers in sequential order.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

<u>COUNT FOUR</u>: - AGE DISCRIMINATION UNDER CFEPA

47. Defendants incorporate by reference their responses to Paragraphs 1 through 35 as if fully restated herein.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief sought.

**BY WAY OF AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action, in whole or in part, upon which relief can be granted as a matter of fact and/or law.

SECOND DEFENSE

All actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons and did not violate any right(s) that may be secured to Plaintiff under any federal, state or local laws, rules, regulations, guidelines or common law.

THIRD DEFENSE

Plaintiff did not suffer any damages legally attributable to any action by Defendant.

## FOURTH DEFENSE

Plaintiff fails to state a claim in whole or in part upon which compensatory, punitive, attorney's fees, costs and/or money damages may be awarded.

## FIFTH DEFENSE

Even if Plaintiff suffered damages legally attributable to any action by Defendants, which she did not, Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages, including by using reasonable diligence to seek and obtain employment.

## SIXTH DEFENSE

While denying that all named Defendants employed Plaintiff as alleged and the material allegations of the claims, to the extent the trier of fact concludes otherwise, Defendants would have taken the same action even in the absence of any alleged protected status.

## SEVENTH DEFENSE

Although Defendants deny that any actionable conduct occurred, Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by Defendants or to otherwise avoid any alleged harm.

\* \* \* \*

Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent that such defenses are applicable, is hereby reserved.

DEFENDANTS,
NEXSTAR MEDIA GROUP, INC. d/b/a
NEXSTAR BROADCASTING, INC.,
NEXSTAR BROADCASTING GROUP,
INC. AND NEXSTAR BROADCASTING
INC. & WTNH-TV


By: */s/ Sarah R. Skubas*
Sarah R. Skubas (ct 28327)
Alexa M. Farmer (ct 30052)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel.: (860) 522-0404
Fax: (860) 247-1330
Sarah.Skubas@jacksonlewis.com
Alexa.Farmer@jacksonlewis.com

CERTIFICATION OF SERVICE

This is to certify that on February 11, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                              */s/ Alexa M. Farmer*
                                              Alexa M. Farmer